# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**DEJUAN WILLIAMS,**

Plaintiff,

v.

**Experian Information Solutions, Inc.,**

Defendant.

Case No. ___4:26-cv-279 RH MAF___

### COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**JURY TRIAL DEMANDED**

**I. PARTIES**

1. Plaintiff, Dejuan Williams ("Plaintiff"), is a natural person and consumer as defined by 15 U.S.C. § 1681a(c).

2. Defendant, Experian Information Solutions, Inc. ("Experian"), is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), regularly engaged in assembling, evaluating, and disseminating consumer credit information for monetary fees and dues.

**II. JURISDICTION AND VENUE**

3. This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action presents a federal question.

FILED USDC FLND TL
JUN 15 '26 PM2:55

5. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to these claims occurred within this judicial district and Defendant conducts business within this judicial district.

## III. FACTUAL ALLEGATIONS

6. Plaintiff reviewed his consumer credit report maintained by Experian and discovered inaccurate and incomplete reporting concerning a Santander Bank account ending in account number 3000028124126.

7. The Santander Bank tradeline contained inaccurate and incomplete information, including the reporting of a 60-day late payment in March 2026 despite the absence of any corresponding late payment in February 2026.

8. The tradeline further reflected no payment history data for January 2026 and February 2026, rendering the account incomplete and materially misleading.

9. On or about October 2025, Plaintiff submitted a dispute to Experian challenging the accuracy and completeness of the Santander Bank tradeline.

10. Experian received Plaintiff's dispute and was obligated under the Fair Credit Reporting Act to conduct a reasonable reinvestigation.

11. Following its investigation, Experian determined that the disputed Santander Bank account should be deleted from Plaintiff's consumer report.

12. On or about December 2025, Experian deleted the Santander Bank account from Plaintiff's consumer report and file.

13. On or about March 2026, Experian reinserted the Santander Bank account into Plaintiff's consumer report and file.

14. Upon reinsertion, the account continued to contain inaccurate and incomplete information, including the reporting deficiencies described above.

15. On or about March 2026, Plaintiff again disputed the Santander Bank tradeline and specifically challenged its accuracy and completeness.

16. Experian responded by stating that the account had been verified and would not be deleted.

17. Despite having previously deleted the account following Plaintiff's dispute, Experian continued reporting the account after reinsertion.

18. Experian failed to maintain reasonable procedures to assure maximum possible accuracy of the information it reported concerning Plaintiff.

19. Experian failed to conduct a reasonable reinvestigation of Plaintiff's dispute.

20. Experian continued reporting inaccurate and incomplete information concerning Plaintiff after receiving notice of the dispute.

21. As a direct and proximate result of Experian's conduct, Plaintiff suffered damages, including but not limited to harm to creditworthiness, loss of credit opportunities, emotional distress, humiliation, frustration, inconvenience, and time expended attempting to correct the inaccurate reporting.

## IV. CLAIMS FOR RELIEF

## COUNT I

## Violation of 15 U.S.C. § 1681e(b)

(Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy)

22. Plaintiff incorporates by reference Paragraphs 1 through 21 as though fully set forth herein.

23. Experian prepared and maintained consumer reports concerning Plaintiff.

24. Experian had a statutory duty to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff.

25. The Santander Bank tradeline reported by Experian was inaccurate and incomplete.

26. Experian failed to follow reasonable procedures to assure maximum possible accuracy.

27. As a result of Experian's conduct, Plaintiff suffered actual damages.

28. Experian's violations were negligent and/or willful.

## COUNT II

## Violation of 15 U.S.C. § 1681i

(Failure to Conduct a Reasonable Reinvestigation)

29. Plaintiff incorporates by reference Paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff disputed the Santander Bank account directly with Experian.

31. Experian was required to conduct a reasonable reinvestigation regarding the disputed information.

32. Experian failed to conduct a reasonable reinvestigation.

33. Experian improperly verified information that was inaccurate and incomplete.

34. Experian continued reporting the disputed information despite the deficiencies identified by Plaintiff.

35. As a direct and proximate result of Experian's conduct, Plaintiff suffered damages.

## COUNT III

### Violation of 15 U.S.C. § 1681i(2)(B)

(Failure to Provide Relevant Information to Furnisher)

36. Plaintiff incorporates by reference Paragraphs 1 through 35 as though fully set forth herein.

37. Experian was required to provide all relevant information regarding Plaintiff's dispute to the furnisher of the information.

38. Plaintiff provided information and documentation supporting the dispute.

39. Upon information and belief, Experian failed to provide all relevant information submitted by Plaintiff to the furnisher.

40. As a result, the disputed information was improperly verified.

41. Plaintiff suffered damages as a result of Experian's conduct.

## COUNT IV

### Violation of 15 U.S.C. § 1681i(5)(B)(i)

(Unlawful Reinsertion of Previously Deleted Information)

42. Plaintiff incorporates by reference Paragraphs 1 through 41 as though fully set forth herein.

43. Experian deleted the Santander Bank account in or about December 2025 following Plaintiff's dispute.

44. Experian subsequently reinserted the account into Plaintiff's consumer file in or about March 2026.

45. Experian failed to comply with the statutory requirements governing the reinsertion of previously deleted information.

46. Experian reinserted information that remained inaccurate and incomplete.

47. Plaintiff suffered damages as a direct and proximate result of Experian's conduct.

## COUNT V

## Violation of 15 U.S.C. § 1681i(5)(B)(ii)

(Failure to Provide Required Reinsertion Notice)

48. Plaintiff incorporates by reference Paragraphs 1 through 47 as though fully set forth herein.

49. Upon reinserting the Santander Bank account, Experian was required to provide Plaintiff with written notice of the reinsertion as required by law.

50. Experian failed to provide the notice required by 15 U.S.C. § 1681i(5)(B)(ii).

51. Plaintiff suffered damages as a direct and proximate result of Experian's conduct.

## COUNT VI

## Willful Noncompliance

(15 U.S.C. § 1681n)

52. Plaintiff incorporates by reference Paragraphs 1 through 51 as though fully set forth herein.

53. Experian knowingly and/or recklessly disregarded its obligations under the Fair Credit Reporting Act.

54. Experian's conduct constituted willful noncompliance with the Fair Credit Reporting Act.

55. Pursuant to 15 U.S.C. § 1681n, Plaintiff is entitled to statutory damages, punitive damages, costs, and any other relief authorized by law.

## COUNT VII

## Negligent Noncompliance

(15 U.S.C. § 1681o)

56. Plaintiff incorporates by reference Paragraphs 1 through 55 as though fully set forth herein.

57. Experian negligently failed to comply with its obligations under the Fair Credit Reporting Act.

58. As a direct and proximate result of Experian's negligent noncompliance, Plaintiff suffered actual damages.

59. Pursuant to 15 U.S.C. § 1681o, Plaintiff is entitled to recover actual damages, costs, and any other relief authorized by law.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant and award:

A. Actual damages according to proof;

B. Statutory damages pursuant to 15 U.S.C. § 1681n;

C. Punitive damages as permitted by law;

D. Costs of suit and litigation expenses;

E. Attorney's fees, if recoverable;

F. Pre-judgment and post-judgment interest as allowed by law;

G. Such other and further relief as the Court deems just and proper.

## VI. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**Dejuan Williams**
Plaintiff, Pro Se

Date: 6/3/26

P.O. Box 5512

Tallahassee, FL 32314

juan.williams12@yahoo.com

**Retail**

**UNITED STATES POSTAL SERVICE.**

US POSTAGE PAID
**$12.90**
Origin: 28217
06/12/26
3613840036-25

PRIORITY MAIL®

0 Lb 2.80 Oz

RDC 03

EXPECTED DELIVERY DAY: 06/15/26

C001

SHIP TO:
STE 322
111 N ADAMS ST
TALLAHASSEE FL 32301-7730



USPS TRACKING® #



9505 5162 3726 6163 8961 52

PS0000100

ESS FIRM ... FIRMLY TO SEAL

estic shi...

S Trackin...

ted intern...

n used int... onal destinations.

ce does not...
c Mail Manu...

ternational N...

AT RA...
RATE ■ AI...

ACKE...



PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

**UNITED STATES POSTAL SERVICE®** | **PRIORITY MAIL®**

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: DeJuan Williams
P.O. Box 5512
Tallahassee, FL 32314

US District court
TO: 111 North Adams suite 322
Tallahssee, FL 32301
Northern Area of Florida

Label 228, December 2023    FOR DOMESTIC AND INTERNATIONAL USE